Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
3 School Street, Suite 207B
Glen Cove, NY  11542
(516) 671-1150 * F (516) 882-5420
smoser@moseremploymentlaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IGNACIO GRANDA                                    Case No.

                           Plaintiff,

              *-against-*                              **COMPLAINT**

JUAN MANUEL TRUJILLO, SAILBRIDGE CAPITAL,
LLC, and JOHN DOE CORPORATIONS NOS. 1-10,

                          Defendants.

The Plaintiff Ignacio Granda, by his attorney, the Moser Law Firm, P.C., files this complaint against Juan Manuel Trujillo, Sailbridge Capital, LLC, and John Doe Corporations Nos. 1-10 (collectively "Defendants").

## NATURE OF CLAIM

1.     This action is brought to recover unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law § 190, *et seq.* ("NYLL"), and the supporting regulations.  This action is also brought to recover unpaid wages earned by the Plaintiff.  Finally, Plaintiff seeks statutory damages for wage notice and wage statement violations of the New York Labor Law.

## JURISDICTION

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Southern District.

## PARTIES

4. Plaintiff, is a natural person who resides in in Westchester County, State of New York.

5. Defendant Sailbridge Capital, LLC is a Delaware Limited Liability Company.

6. Defendant Sailbridge Capital, LLC is authorized to transact business in the State of New York.

7. Defendant Sailbridge Capital, LLC ("Sailbridge") maintains corporate offices at 125 Maiden Lane, New York, NY 10038

8. Defendant Sailbridge is an investment management firm headquartered in New York, with offices in Mexico City.

9. Upon information and belief, John Doe Corporations Nos. 1-10 are corporations and limited liability companies affiliated with Sailbridge (hereinafter "Affiliated Entities").

10. The Affiliated Entities, along with Sailbridge, form a single enterprise because they engage in related activities, and share common management, ownership, and financial control.

11. For the three-year period immediately preceding the filing of this complaint, Sailbridge has been an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 203(d).

12. For each of the calendar years 2015, 2016 and 2017 Sailbridge had annual gross volume of business done of $500,000 or more.

13. For each of the calendar years 2015, 2016 and 2017 Sailbridge and the Affiliated Entities have had a combined annual gross volume of sales made or business done of $500,000 or more.

14. At all relevant times, Sailbridge has continuously been an employer within the meaning of the NYLL.

15. Defendant Juan Manuel Trujillo is an attorney licensed in the State of New York with attorney registration number 2955169.

16. Defendant Juan Manuel Trujillo ("Trujillo") resides at 500 W 43rd Street, Apt 40D, New York, New York 10036.

17. Defendant Trujillo is the founder of Sailbridge.

18. Defendant Trujillo is the CEO of Sailbridge.

19. Defendant Trujillo is the President of Sailbridge.

20. Defendant Trujillo has been a member of Sailbridge since its formation.

21. Defendant Trujillo has held an ownership interest in Sailbridge since its formation.

22. Defendant Trujillo had the power to hire and fire the Plaintiff, supervised and controlled the work and schedule and conditions of Plaintiff's employment, determined the rate and method of pay, and maintained records of Plaintiff's employment.

23. Upon information and belief, Defendant Trujillo exercised sufficient operational control to be deemed Plaintiff's employer under the FLSA and the NYLL.

## FACTS

24. Plaintiff was employed by Blackspark Capital, LLC (a non-party) until approximately August 2015.

25. Under a contract between Blackspark Capital, LLC and Plaintiff, Blackspark Capital paid Plaintiff a salary of $12,500.00 monthly to perform financial modeling work.

26. In approximately August 2015 Sailbridge assumed control over the assets, corporate headquarters and personnel of Blackspark Capital, LLC.

27. Beginning in approximately August 2015, Plaintiff began working for Sailbridge.

28. Plaintiff was employed by Sailbridge from approximately August 2015 until February 2018.

29. Plaintiff held the title of Managing Director at Sailbridge. However, he did not have authority to hire or fire employees, and primarily performed financial modeling work.

30. Plaintiff often worked more than 40 hours per week.

31. For example, during the week of Thanksgiving 2017 Plaintiff worked at least 65-70 hours.

32. Plaintiff was never paid additional compensation for overtime hours worked during his employment with Sailbridge.

33. During some months, Sailbridge paid Plaintiff a portion of his $12,500 salary.

34. However, Plaintiff never received his full monthly salary from Sailbridge.

35. For the period from June 8, 2017 through September 18, 2017 Sailbridge did not pay Plaintiff any compensation for work performed.

36. In response to repeated requests during this time period, Trujillo promised the Plaintiff that when Sailbridge received funds, Trujillo would pay Plaintiff the amount he was owed.

37. In approximately September 2017 Sailbridge received funds of approximately $500,000.

38. Trujillo used the funds to pay Sailbridge workers stationed in the Mexico. Trujillo also used the funds to pay himself. Only $12,000 of the funds were used to pay Plaintiff, even though the Plaintiff had not been paid any compensation for approximately one year.

39. New York Labor Law § 195(1) requires that each employer "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission… the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

40. Sailbridge never issued Plaintiff a wage notice during his employment.

41. New York Labor Law 195(3) requires that an employer shall "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages."

42. Sailbridge never furnished a wage statement to Plaintiff.

**FIRST CAUSE OF ACTION**
**Overtime Wages under the Fair Labor Standards Act**
**29 U.S.C. §§ 201, *et seq.* (29 U.S.C. §§ 207 & 216)**

43. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

44. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

45. Defendants are required to pay Plaintiff at a rate of one and one half the regular rate for all hours worked more than forty (40) hours in a workweek.

46. Defendants failed to pay Plaintiff overtime wages for all the hours worked more than 40 hours in a work week.

47. Defendants either knew or acted with reckless disregard as to whether their conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988). Therefore, a three-year statute of limitations applies. 29 U.S.C. § 255.

48. Plaintiff is entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## SECOND CAUSE OF ACTION
### Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations

49. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

50. Defendants are required to pay Plaintiff at a rate of one and one half the regular rate for all hours worked more than forty (40) hours in a workweek.

51. Defendants willfully deprived the Plaintiff of the overtime wages to which he was entitled.

52. Plaintiff is entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## THIRD CAUSE OF ACTION
### Failure to Pay Wages and Delayed Payment of Wages
### Under New York Labor Law § 191

53. The Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

54. The provisions of NY Lab Law § 191 apply to Defendants and protect Plaintiff.

55. New York Labor Law 191(1)(d) requires that every employer pay workers "wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer."

56. Defendants failed to pay the Plaintiff wages earned in the time required by NYLL 191(1)(d), and regularly delayed the payment of wages for more than a month.

57. Plaintiffs is entitled to recover unpaid wages, liquidated damages for unpaid and delayed payment of wages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## FOURTH CAUSE OF ACTION
### Breach of Contract

58. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59. Defendants agreed to pay compensation to Plaintiff.

60. Defendants intentionally refused to pay Plaintiff his promised compensation.

61. This conduct constitutes a breach by Defendants of their contract with Plaintiff.

62. As a direct and proximate result, has been damaged and is entitled to recover from Defendants the amount of his unpaid compensation.

## FIFTH CAUSE OF ACTION
### Unjust Enrichment

63. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

64. Plaintiff conferred the benefit of his services on the Defendants with the understanding and expectation that he would be compensated for his services.

65. Defendants intentionally failed and refused to fully compensate Plaintiff for his services.

66. As a result, Defendants have been unjustly enriched at the expense of Plaintiff.

67. As a direct and proximate result, Plaintiff has been damaged and is entitled to recover from Defendants the amount of his unpaid compensation.

## SIXTH CAUSE OF ACTION
### Wage Notice Violations under NYLL §§ 195 and 198

68. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

69. Defendants failed to provide the wage notice to Plaintiff as required by NYLL § 195(1)(a).

70. Plaintiff is each entitled to recover liquidated damages, together with costs and reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION
### Wage Statement Violations under NYLL §§ 195 and 198

71. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

72. Defendants failed to provide the wage statements to Plaintiff as required by NYLL § 195(3).

8

73.     Plaintiff is entitled to recover liquidated damages, together with costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Unpaid overtime pay and an amount equal to unpaid overtime as liquidated damages under the NYLL and the FLSA;

B. Unpaid wages and compensation earned during the Plaintiff's employment;

C. Liquidated damages on all NYLL Claims;

D. Statutory damages for each violation of the notice provisions of NYLL § 195;

E. Statutory damages for each violation of the wage statement provisions of NYLL § 195;

F. Reasonable attorney's fees and costs of the action;

G. Prejudgment interest; and

H. Such other relief as this Court shall deem just and proper.

Dated:  Glen Cove, New York
        May 2, 2018

                                                Respectfully submitted,
                                                MOSER LAW FIRM, P.C.

                                                By:  Steven J. Moser
                                                3 School Street, Suite 207 B
                                                Glen Cove, New York 11542
                                                (516) 671-1150
                                                F (516) 882-5420
                                                smoser@moseremploymentlaw.com
                                                *Attorneys for Plaintiff*