

485 Lexington Avenue
New York, NY 10017-2643
212.977.9700
Fax 212.262.5152

New York • New Jersey

www.phillipsnizer.com

Laura E. Longobardi
(212) 841-0780
llongobardi@Phillipsnizer.com

June 28, 2018

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

    Re: **Granda v Trujillo, et al., Docket No. 18-cv-3949 (PAE) (RWL)**

Dear Judge Engelmayer:

  We represent the defendants Juan Manuel Trujillo ("Mr. Trujillo") and Sailbridge Capital, LLC ("Sailbridge") (collectively, "Defendants") in the above-referenced action (the "Action").

  We have filed today a motion to dismiss the complaint (the "Complaint") filed by plaintiff Ignacio Granda ("Plaintiff"), pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure (the "Motion to Dismiss"). Defendants seek to stay discovery in this Action pending resolution of the Motion to Dismiss, as Defendants believe that the Motion to Dismiss is well-founded in law and may eliminate this Action entirely. Consequently, a stay pending resolution of the Motion to Dismiss could avoid costly, time-consuming and ultimately needless discovery.

  We have advised counsel for the Plaintiff of our Motion to Dismiss and discussed a briefing schedule. We have agreed that Plaintiff's opposition to the Motion to Dismiss will be submitted on Friday, July 27, 2018, and that Defendants' reply in further support of the Motion to Dismiss will be submitted on Friday, August 10, 2018.

  We also advised counsel for Plaintiff that we are requesting a stay of discovery, and asked if Plaintiff would consent to the stay. Plaintiff has not consented to this relief. Accordingly, pursuant to Local Rule 37.2 and Rule 2(C) of Your Honor's Individual Rules, and for the reasons set forth below, the Defendants respectfully request that this Court schedule a pre-motion conference, or simply stay discovery pending the resolution of the Motion to Dismiss.

1370566.1

PHILLIPS NIZER LLP

The Honorable Paul A. Engelmayer
June 28, 2018
Page 2

## Procedural Posture.

Plaintiff commenced this Action by filing the Complaint on May 2, 2018. By a stipulation that was "So Ordered" by the Court on May 30, 2018 [Dkt. No. 13] (the "Stipulation"), the parties consented to the extension of the Defendants' time to answer, move or otherwise respond to the Complaint to June 28, 2018. No other activities have been undertaken by either the Plaintiff or the Defendants since May 30, 2018. In particular, no discovery requests have yet been served by any of the parties. The Defendants today have filed the Motion to Dismiss as required by the Stipulation.

## This Court Should Stay Discovery Pending the Resolution of the Motion to Dismiss.

It is "well-settled" that a court has "considerable discretion" to stay discovery for "good cause." *See Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 U.S. Dist. LEXIS 78476, at *2 (S.D.N.Y. Sep. 1, 2009). In evaluating whether good cause exists, a court considers factors including "the pendency of dispositive motions, potential prejudice to the party opposing the stay, the breadth of discovery sought, and the burden that would be imposed on the parties responding to the proposed discovery." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs.*, No 08 Civ. 2437 (RJS), 2009 U.S. Dist. LEXIS 7905, at *3 (S.D.N.Y. Feb. 3, 2009); *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839 (PKL), 2007 U.S. Dist. LEXIS 12776, at *5-7 (S.D.N.Y. Feb. 15, 2007). A court may also consider the strength of the underlying dispositive motion. *Id.* at *6-*7. Considering these factors, good cause exists to stay discovery in this action.

First, Plaintiff would suffer no prejudice from a short stay during pendency of the Motion to Dismiss. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).[1] The parties have agreed to a schedule pursuant to which the Motion to Dismiss will be fully briefed by August 10, 2018. At that point, any consequent stay is likely to be short-lived while the Court decides the Motion to Dismiss. *See Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS 91570, at *21 (S.D.N.Y. July 14, 2016) (granting stay where motion to dismiss was fully briefed, and plaintiffs could not articulate any strategic decisions that needed to be made prior to the resolution of the motion); *Integrated Sys.*, 2009 U.S. Dist. LEXIS 78476, at *3-*4 (noting that, as no discovery requests had yet been served in the case and briefing would be completed in a month, a stay would likely defer discovery "only a few months"). Where, as here, a case is at an early stage and no discovery requests have yet been served, the stay that the Defendants seek will neither prejudice Plaintiff nor unduly delay this Action. *See id.* at *4.

---

[1] Even if this entire Action ultimately is not dismissed, a stay has "the advantage of simplifying and shortening discovery in the event that some of [Plaintiff's] claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable." *Spinelli v. NFL*, No. 13 Civ. 7398 (RWS), 2015 U.S. Dist. LEXIS 155816, at *5 (S.D.N.Y. Nov. 17, 2015).

1370566.1

PHILLIPS NIZER LLP

The Honorable Paul A. Engelmayer
June 28, 2018
Page 3

   A stay also is appropriate when a dispositive motion does not appear to be unfounded in law. *See id.* at *3. As set forth in the Motion to Dismiss, Plaintiff's Complaint lacks anything approaching the requisite specificity to assert claims against the Defendants for unpaid overtime under either the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL"), in accordance with the *Twombly*[2]/*Iqbal*[3] standards. Also, to the extent that anything can be adequately gleaned from the face of the Complaint, it is that Plaintiff falls under one or more exemptions from the overtime requirements of both the FLSA and the NYLL. Therefore, the Complaint does not state a cognizable claim for unpaid overtime wages under either the FLSA or the NYLL, and should be dismissed.[4] Additionally, Defendants argue that the Complaint fails to name necessary parties to the Action, and that this failure constitutes separate grounds for the dismissal of the Complaint. Therefore, discovery should be stayed pending the Court's decision on the Motion to Dismiss. *See Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 73-74 (S.D.N.Y. 2013) (staying discovery based on "substantial" arguments that court lacked diversity jurisdiction and that plaintiff had not stated a claim under the Lanham Act); *Integrated Sys.*, 2009 U.S. Dist. LEXIS 78476, at *3 (granting stay of discovery after an initial review of motion to dismiss, which the court noted contain "multiple, independent arguments for dismissal" that appeared "not to be unfounded in the law").

   For these reasons, Defendants respectfully request that this Court schedule a pre-motion conference or simply stay discovery pending resolution of the Motion to Dismiss.

              Respectfully submitted,

              Laura E. Longobardi

LEL:

cc: Steven John Moser, Esq.
   (by ECF and electronic mail)

---

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[4] The Defendants also argue that, as the basis for this Court's original jurisdiction (Plaintiff's FLSA claim) should be dismissed, the Court should decline, at this early stage of the litigation, to exercise supplemental jurisdiction over the state law claims.

1370566.1