# PHILLIPS NIZER LLP

485 Lexington Avenue
New York, NY 10017-2643
212.977.9700
Fax 212.262.5152

New York • New Jersey

Laura E. Longobardi
(212) 841-0780
llongobardi@Phillipsnizer.com

www.phillipsnizer.com

May 2, 2019

**BY ECF**

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   **Granda v Sailbridge Capital, LLC, et al., Docket No. 18-cv-3949 (PAE) (RWL)**

Dear Magistrate Lehrburger:

This firm represents the Defendants Juan Manuel Trujillo and Sailbridge Capital, LLC in the above-referenced action (the "Action"). We are submitting this letter jointly with Steven John Moser, Esq., counsel for the Plaintiff Ignacio Granda.

As we discussed with Your Honor during our April 11, 2019 telephone conference, the parties have conferred and agreed upon a proposed Confidentiality Order for the production of documents and/or information in this Action. A copy of the proposed order, signed by counsel, is attached to this letter. The parties respectfully request that Your Honor grant this proposed order.

We appreciate this Court's time and attention on this matter.

Respectfully submitted,
Phillips Nizer LLP
/s/ *Laura E. Longobardi*
Laura E. Longobardi

LEL
cc:   Steven John Moser, Esq. (by ECF)

Attachment

1403222.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IGNACIO GRANDA,

           Plaintiff,

– against –

JUAN MANUEL TRUJILLO, SAILBRIDGE CAPITAL, LLC, and JOE DOE CORPORATIONS NOS. 1-10,

           Defendants.

18-CV-03949 (PAE) (RWL)

**STIPULATION AND PROPOSED PROTECTIVE ORDER**

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action (the "Action"):

1. Counsel for any Party making disclosures (a "Disclosing Party") may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL" (the "Confidential Information").

2. The Confidential Information disclosed will be held and used by the Party or other person receiving it (a "Recipient") solely for use in connection with this Action. Nothing contained in this Order, however, will affect or restrict the rights of any Disclosing Party with respect to its own Confidential Information produced in this Action.

3. Subject to the foregoing, a Disclosing Party's Confidential Information shall not include any documents and/or information that:

   a. is already public information or which becomes public information (other than through a breach of any obligation of confidentiality with respect to such information);

   b. is already known to and/or in the Recipient's possession on a non-confidential basis; and/or

1400003.1

   c. is made available to the Recipient on a non-confidential basis from a third party who is not, to the Recipient's knowledge, bound by a duty or obligation of confidentiality with respect to such information.

4. In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

5. The Parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting Party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the Action;

   c. Consultants or experts assisting in the prosecution or defense of the Action, to the extent deemed necessary by counsel; and

   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Before disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this Action and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential.

1400003.1

9. Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the Parties follow the steps set forth in Rule 502.

10. Notwithstanding the designation of Confidential Information as "CONFIDENTIAL" in discovery, there is no presumption that such Confidential Information shall be filed with the Court under seal. The Parties shall follow the Court's procedures with respect to filing under seal.

11. At the conclusion of this Action, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

**SO STIPULATED AND AGREED.**

DATED: 4/26/2019

**MOSER LAW FIRM, P.C.**
*Attorneys for Plaintiff Ignacio Granda*

By: _____
Steven John Moser, Esq.
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150

DATED: 5/6/19

April 26, 2019

**PHILLIPS NIZER LLP**
*Attorneys for Defendants Juan Manuel Trujillo and Sailbridge Capital, LLC*

By: _____
Regina E. Faul, Esq.
Laura E. Longobardi, Esq.
485 Lexington Avenue, 14th Floor
New York, NY 10017
(212) 977-9700

**SO ORDERED:**

_____
**ROBERT W. LEHRBURGER**
United States Magistrate Judge

SO ORDERED.

_Paul A. Engelmayer_
PAUL A. ENGELMAYER
United States District Judge

3

1400003.1

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Granda v. Trujillo, et al.*, Docket No. 18-CV-03949 (PAE) (RWL), have been designated as "CONFIDENTIAL." I have been informed that such documents or information designated as "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Print Name: _____

Sign Name: _____

Dated: _____


Signed in the presence of:

_____ (Attorney)


1400003.1